**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4675**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TORRY MARKEY MCARTHUR,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:99-cr-00084-F-1)

Submitted: January 5, 2017                     Decided: February 7, 2017

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant-Appellant Torry McArthur argues that his 60-month revocation sentence is plainly unreasonable. Because the district court did not adequately explain its upward variance using permissible sentencing factors, we vacate and remand for resentencing.[1]

I.

A.

After serving a prison sentence for possession with intent to distribute crack cocaine, McArthur began a five-year term of supervised release. Before completion, McArthur's probation officer moved to revoke supervision,[2] listing five violations: (1) criminal conduct--driving while impaired and fleeing to elude arrest; (2) criminal conduct--robbery, assault and battery, drug trafficking and possession, and criminal traffic offenses; (3) failure to notify the probation officer of contact with law enforcement during violations (1) and (2); (4) testing positive for marijuana use; and (5) absconding from supervision. McArthur served 42 months in state prison for the criminal offenses he committed during supervision. J.A. 16.

_____

[1] We express no opinion of the sentence, per se. We ask only that the district court articulate the rationale for it based on permissible factors to inform our review.

[2] McArthur's probation officer filed the original motion in February 2011, and amended the motion in September 2015, explaining that he was unable to locate McArthur for some unspecified amount of time during supervision.

At his November 5, 2015, revocation hearing, McArthur did not contest the factual predicates for revocation or the probation officer's Sentencing Guidelines calculation of 30 to 37 months' imprisonment. Rather, he argued for a sentence of time served based on (1) his prior incarceration in state prison for the criminal offenses, (2) the skills he developed in prison that would enable him to find employment, and (3) his access to stable family resources in Texas. The government sought a sentence within the guidelines range.

The district court first chronicled McArthur's criminal offenses, noting that his first charged violation occurred less than four months after supervision began. The court then found that McArthur committed the violations and stated that it had "considered the policy statements on revocation contained in Chapter Seven of the Sentencing Guidelines as well as other relevant factors listed in Title 18 Section 3553(a)." J.A. 20. The court then concluded:

> Having weighed all of these factors it's ordered and adjudged that the supervision term heretofore granted be revoked and the defendant is ordered committed to the custody of the bureau of prisons or its authorized representative for imprisonment for a period of 60 months.
>
> The court has departed upwardly in view of the defendant's egregious conduct. This sentence is imposed to afford adequate deterrence to criminal conduct and to promote respect for the law.

J.A. 20–21.

The district court did not address McArthur's arguments for a sentence below the guidelines range or the government's arguments for a sentence within it. McArthur timely appealed.

3

II.

A.

This court will affirm a "revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 494 (2015) (quoting *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006)). Although the standard of review is deferential, we cannot affirm a sentence that lacks adequate reasoning. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

B.

McArthur argues that the district court's sentence was procedurally unreasonable because the court (1) failed to adequately explain its sentence using permissible sentencing factors and (2) did not address the arguments McArthur made in support of a lower sentence.[3] We agree.

A district court commits procedural error if it does not sufficiently explain its sentence with reference to permissible sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). During revocation sentencing, a district court may not rely on several of the 18 U.S.C. § 3553(a) factors it considers in initial sentencing, including: whether the revocation sentence reflects the seriousness of the offense, promotes respect for the law, and provides just

---

[3] Because we vacate for procedural unreasonableness, we do not address McArthur's substantive reasonableness challenge. *See United States v. Carter*, 564 F.3d 325, 330 n.4 (4th Cir. 2009).

punishment. *Crudup*, 461 F.3d at 439; *see* 18 U.S.C. § 3583(e) (excluding § 3553(a)(2)(A) from the list of sentencing factors a district court may consider in revocation proceedings). Although mere mention of these factors will not "automatically render a revocation sentence unreasonable," a district court commits procedural error if its sentencing decision relies predominately on these factors. *Webb*, 738 F.3d at 641–42.

In addition to providing an adequate basis grounded in permissible sentencing factors, the district court must also explain why it has rejected arguments for a different sentence. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the district court relied on impermissible sentencing factors and failed to address McArthur's arguments for a lower sentence. Promoting respect for the law is not a proper basis upon which to impose a revocation sentence, and the court's invocation of McArthur's "egregious conduct" appears to inappropriately rely on the seriousness of his offenses. The district court did not explain how its deterrence rationale supported an upward variance beyond what the government requested. *See Gall*, 552 U.S. at 50–51. In addition, the court failed to acknowledge--let alone explain why it rejected--the reasons McArthur presented for a lower sentence. *See, e.g.*, *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010). Because the court did not (1) adequately explain its variance using permissible sentencing factors or (2) address McArthur's counterarguments, the sentence was procedurally unreasonable.

Once we determine that the sentence is procedurally unreasonable, we must decide whether it is *plainly* unreasonable. *Crudup*, 461 F.3d at 439. A sentence is plainly unreasonable if it "run[s] afoul of clearly settled law." *United States v. Thompson*, 595

F.3d 544, 548 (4th Cir. 2010). Given our prior recognition that a sentencing court must base its decision on permissible factors and explain why it rejects the defendant's arguments for a more lenient sentence, we are constrained to conclude that the district court's sentence here was plainly unreasonable. *See id.*

## III.

Although we may be able to discern what led the court to impose the statutory maximum, we cannot affirm a sentence based on our own guesswork. *Carter*, 564 F.3d at 329–30. Accordingly, we vacate McArthur's 60-month revocation sentence and remand for resentencing.[4]

VACATED AND REMANDED

---

[4] We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.